**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3233-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN WESLEY POTEAT,
a/k/a/ JOHN W. POTEAT,

     Defendant-Appellant.

_____

Submitted May 19, 2021 – Decided June 2, 2021

Before Judges Whipple and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 96-10-0575.

Joseph E. Krakora, Public Defender, attorney for appellant (John Douard, Assistant Deputy Public Defender, of counsel and on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Brett Yore, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a jury trial in 1997, defendant John Wesley Poteat was convicted of multiple offenses charged in a Cape May indictment, including murder, felony murder, attempted murder, armed robbery, conspiracy, and weapons offenses for his part in the stabbing death of a tavern patron and robbery of the bartender.  Defendant's sentence included two life sentences.

We affirmed defendant's convictions and sentence.  State v. Poteat, No. A-7163-96 (App. Div. May 21, 1999).  The Supreme Court denied certification. 163 N.J. 76 (2000).  In May 2006, the trial court denied defendant's initial petition for post-conviction relief (PCR).  In March 2014, defendant filed a second PCR petition, which was denied as untimely.  We affirmed.  State v. Poteat, No. A-4219-13 (App. Div. June 15, 2015).  Thereafter defendant's pro se petition for a writ of habeas corpus was dismissed as untimely.  Poteat v. Att'y Gen. of N.J., No. 16-2351 (D.N.J. Feb. 1, 2017).

In July 2018, defendant moved pro se for a new trial on the grounds of newly discovered evidence.  Counsel was assigned but did not supplement defendant's handwritten submission.  Defendant raised the following points before the Law Division:

> I.   The State withheld evidence of co[-]defendant's mental health issues.

II.  Defendant's statement at the police station should have been inadmissible because he was intoxicated; he was denied food and water and coerced into making the statement.

III.  Defendant's initial arrest was invalid and his subsequent confession should be inadmissible because he was arrested on a non-existent warrant.

IV.  DNA evidence did not identify defendant as a source of the DNA.

V.  Co-[d]efendant has recanted any implication of defendant in the crimes for which he was convicted.

VI.  Defendant was denied effective assistance of counsel because trial counsel failed to file necessary motions and failed to present evidence of defendant's mental state.

Following argument on July 31, 2018, Judge Michael J. Donohue reserved decision. On August 9, 2018, the judge issued a cogent written opinion, denying defendant's motion. The judge squarely rejected defendant's contentions in view of the governing law, including the well-established test reiterated by our Supreme Court in State v. Carter, 85 N.J. 300, 314 (1981). As the judge aptly recognized: "Defendant has pursued the full panoply of post-conviction litigation . . . ." And after fully considering defendant's present claims in view of his prior post-conviction filings, the judge concluded each claim could not be

characterized as newly discovered evidence.  The same day, the judge issued a memorializing order.

On appeal, defendant maintains a new trial is warranted for the same reasons raised before Judge Donohue.  More particularly, defendant raises the following points for our consideration:

POINT I

THE COURT FAILED TO PROPERLY APPLY THE . . . CARTER STANDARD IN DENYING THE MOTION FOR A NEW TRIAL.

A.  Validity Of The Arrest Warrant.

B.  [Defendant]'s Intoxication During The Interrogation Resulted In A Coerced Confession.

C.  Co-Defendant Recanted His Statement Implicating [Defendant] In The Crimes Of Which [He] Was Convicted.

POINT II

AS IN CARTER, THERE IS SUFFICIENT EVIDENCE OF A BRADY[1] VIOLATION TO WARRANT A REMAND FOR AN EVIDENTIARY HEARING TO DETERMINE IF THE PROSECUTOR IN 1996 FAILED TO PROVIDE DNA EVIDENCE.

---

[1]  Brady v. Maryland, 373 U.S. 83 (1963).

## POINT III

DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE TRIAL COUNSEL FAILED TO FILE NECESSARY MOTIONS. U.S. CONST. AMENDS V, VI and XIV; N.J. CONST. ART. I, [¶¶] 1, 9, AND 10.

We have considered defendant's arguments in view of the applicable law and the record, and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons articulated by Judge Donohue in his well-reasoned decision, which was supported by the record and is entitled to our deference. See State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000) (recognizing "a motion for a new trial is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be interfered with on appeal unless a clear abuse has been shown").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3233-18